USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/9/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN R. ACHESON,

Plaintiff,

-against-

NEW YORK PRESBYTERIAN HOSPITAL and JOHN DOES 1-10,

Defendants.

7:25-CV-4290-NSR

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

Plaintiff John R. Acheson ("Plaintiff") brings this action asserting civil rights and tort claims against Defendants New York Presbyterian Hospital ("NYPH") and John Does 1-10. (First Amended Complaint, "FAC", ECF No. 5.) Plaintiff pleads six causes of action: Counts I and II are federal claims brought pursuant to 42 U.S.C. § 1983 and Counts III through VI are claims arising under New York State law. Presently before the Court is Defendant NYPH's motion to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (ECF No. 14.)

For the reasons set forth below, Defendant's motion is GRANTED.

## FACTUAL BACKGROUND

The following relevant facts are derived from the FAC, and the documents appended thereto, and are assumed to be true for the purposes of resolving this motion.

On February 26, 2024, Plaintiff allegedly was misled by his spouse, with whom he shared a 20-year marriage and was experiencing marital conflict, into attending what he was told would be a couples counselling session. (FAC, at 2.) Upon arrival at the Bronxville campus of NYPH, formerly known as Lawrence Hospital, Plaintiff claims to have been ambushed by hospital staff,

including multiple orderlies and security guards, forcibly subdued, and injected with a sedative intramuscularly against his will "[w]ithout any prior psychiatric history, court order, or physician certification." (*Id.*) Plaintiff was thereafter transferred New York Presbyterian Westchester Behavioral Health Center in White Plains, where he was held involuntarily for five days. (*Id.*)

Plaintiff claims he suffered damages as a result of these events and brings six causes of actions against NYPH: two (2) federal claims pursuant to section 1983 ("§ 1983") and four (4) state claims. (*Id.*)

## PROCEDURAL HISTORY

Plaintiff commenced this action on May 21, 2025 with the filing of the original Complaint. (ECF No. 1.) Plaintiff subsequently filed the FAC on May 29, 2025.[1] (ECF No. 5.) On October 30, 2025, Defendant moved to dismiss Plaintiff's FAC and filed a memorandum of law in support of its motion. ("Def. Mem. of Law", ECF No. 14.) On October 30, 2025, Plaintiff filed his opposition to Defendant's motion to dismiss.[2] ("Pl. Opp.", ECF No. 15.) Also on October 30, 2025, Defendant filed a reply memorandum of law in further support of its motion to dismiss. ("Def. Reply", ECF No. 16.)

## LEGAL STANDARDS

### I. Federal Rules of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

[1] The FAC was filed with the assistance of an "ad hoc preparer [Michael O'Brien] to assist with filing and formatting only." (FAC, at 6.)

[2] Plaintiff's opposition papers appear also to have been submitted by Plaintiff's ad hoc preparer Michael O'Brien "under power of attorney for Plaintiff." (Pl. Opp., at 2, 10.) A review of the case docket does not show a notice of appearance filed by a Michael O'Brien. Based upon the structure and formatting of Plaintiff's filings, this Court finds Plaintiff is proceeding *pro se* although the Court reserves the right to reconsider Plaintiff's *pro se* status if it finds the "ad hoc preparer" is a licensed attorney providing substantial legal assistance to Plaintiff.

its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pled factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. While the district court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, it is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id*. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Second Circuit "deem[s] a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference . . . and documents that plaintiffs either possessed or knew about and upon which they relied in bringing the suit." *Rotham v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) (internal citations omitted). The critical inquiry is whether a plaintiff has pled sufficient facts to nudge their claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A motion to dismiss will be denied where the allegations "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Where, as here, plaintiff proceeds *pro se*, district courts must construe the pleadings in a particularly liberal fashion. *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). In fact, district courts must interpret the pro se plaintiff's pleading "to raise the strongest arguments that [it] suggest[s]." *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010) (internal quotations and citation omitted). Nevertheless, a *pro se* plaintiff's pleadings must contain factual allegations that sufficiently "raise a right to relief above the speculative level," *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010), and the district court's duty to construe the complaint

liberally is not "the equivalent of a duty to re-write it," *Geldzahler v. N.Y. Med. College*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009).

**DISCUSSION**

Defendant NYPH moves to dismiss the FAC on several grounds. First, Defendant argues that Plaintiff's New York state law claims—specifically, the intentional tort claims for false imprisonment, battery, and intentional infliction of emotional distress—are time-barred. (Def. Mem. of Law at 5.) Second, Defendant argues that Plaintiff's claims under § 1983 must be dismissed because NYPH is a private institution that was not acting under color of state law and thus is not subject to § 1983. (*Id.* at 7.) Finally, Defendant argues that Plaintiff's medical malpractice claim must be dismissed because the allegations do not sound in negligence. (*Id.* at 12.) The Court first addresses the federal claims over which it has original jurisdiction pursuant to 28 U.S.C. § 1331.

**I. Plaintiff's § 1983 Claims**

Plaintiff brings forth § 1983 claims against NYPH, alleging that NYPH violated the Due Process Clause and the Fourth Amendment by depriving him of his liberty and bodily autonomy without due process and by physically detaining him without legal authority, a physician assessment, or exigent circumstances."

"To state a claim under § 1983, a plaintiff must allege two elements: (1) the violation of a right secured by the Constitution and laws of the United States, and (2) the alleged deprivation was committed by a person acting under color of state law." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87-88 (2d Cir. 2015). At the outset, a hospital is generally not a "person" for purposes of § 1983. *See Mejia v. Davis*, No. 1:16-CV-9706-GHW, 2018 WL 333829, at *4 (S.D.N.Y. Jan. 8, 2018) (dismissing with prejudice § 1983 claims against NYPH because "[i]t is

well established that a hospital is not a 'person' under Section 1983") (collecting cases). "Therefore, Plaintiff's Section 1983 claims cannot be maintained against [] NYPH insofar as those claims allege that [] NYPH's own conduct violated Plaintiff's constitutional rights." (*Id.*)

Furthermore, § 1983 liability is premised on state action. *See* 42 U.S.C. § 1983 (requiring that the "person" act "under color" of state law). The Supreme Court has held that a private institution "will not be held to constitutional standards unless there is sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 43 (1999). The Second Circuit has further recognized that private medical providers do not act under color of state law merely by invoking the Mental Hygiene Law. *Schoolcraft v. City of N.Y.*, 103 F. Supp. 3d 465, 534 (S.D.N.Y. 2015) (explaining that considering harm to others when admitting a patient is consistent with Mental Hygiene Law, and no state action attaches on that basis) (citing *Antwi v. Montefiore Med. Ctr.*, No. 14-CIV-840 ER, 2014 WL 6481996, at *5 (S.D.N.Y. Nov. 18, 2014) ("[I]t is well-settled in the Second Circuit that a private hospital confining a patient under the New York MHL is not acting under color of state law.") (citing *McGugan v. Aldana –Bernier*, 752 F.3d 224, 229 (2d Cir. 2014) (reaffirming the principle that "forcible medication and hospitalization…by private health care providers" cannot be attributed to the state); *see also Hogan v. A.O. Fox Mem'l Hosp.*, 346 F. App'x 627, 629 (2d Cir. 2009) (affirming district court's grant of summary judgment to private hospital and physician that involuntarily committed patient, finding that conduct could not be attributed to the state); *Doe v. Rosenberg*, 166 F.3d 507 (2d Cir. 1999) (holding that private health care professionals and a private hospital had not functioned as state actors when they involuntarily committed a patient to their psychiatric ward). Accordingly, neither NYPH nor any of its physicians, nurses, security staff,

or any other employees and/or agents were acting under the color of state law in admitting Plaintiff involuntarily for psychiatric hospitalization.

Moreover, the involvement of police officers in bringing an individual to a hospital is insufficient to "transform [a] private hospital and its staff into State actors for § 1983 purposes." *Schoolcraft*, 103 F. Supp. 3d at 534. Here, by Plaintiff's own allegations, Plaintiff was initially brought to NYPH by his wife, and the police only brought Plaintiff back to NYPH after NYPH reported to the Bronxville Police Department that Plaintiff had "absconded" as an admitted psychiatric patient. (FAC, at 2-3.)

In his opposition papers, Plaintiff cites three cases in support of advancing his § 1983 claims against NYPH, *West v. Atkins*, 487 U.S. 42 (1988), *Kia P. v. McIntyre*, 235 F.3d 749 (2d Cir. 2000), and *Rodriguez v. City of New York*, 72 F.3d 1051 (2d Cir. 1995). (Pl. Opp. at 8.) However, none of these cases are illustrative or alter the applicable law here. *West v. Atkins* concerned medical treatment and care rendered to an inmate at a North Carolina state prison. 487 U.S. 42 (1988). Specifically, the inmate was transferred to the state's central prison medical facility, and was treated there by a private physician that had specifically *contracted with the state* to provide part-time orthopedic services to inmates. *Id.* This contractual relationship with the state is what determined that this private physician was acting "under color of state law." Here, no such contract with the state or NYPH is alleged nor was Plaintiff an inmate at the time of the events at issue; thus, *West* is not applicable. Next, *Kia P. v. McIntyre* involved an appeal arising from the removal of a newborn child from her parents' custody after a toxicology test administered shortly after birth indicated the presence of drugs in the child's urine. 235 F.3d 749 (2d Cir. 2000). The plaintiff alleged that the defendant hospital, the child welfare agency, and their employees violated the constitutional rights of both the mother and child in violation of § 1983. *Id.* The Second Circuit

held that the defendant hospital's actions in providing medical care were undertaken in its capacity as a private provider of medical services and, therefore, were not actionable under § 1983. *Id.* That reasoning supports dismissal of Plaintiff's claims against NYPH here. Like the hospital in *Kia*, NYPH is alleged to have been providing medical care in its capacity as a private healthcare provider, not as a state actor. The *Kia* court explained that the hospital did not become a state actor until *after* the child had been medically cleared for discharge, when it refused to release the child based on its obligations under state child abuse and child welfare laws. *Id.* Those circumstances are not present here. Plaintiff does not allege that NYPH refused to release him for any reason unrelated to his medical care. Finally, *Rodriguez v. City of New York* is also inapplicable because the hospital there was a city hospital, not a private institution, and therefore § 1983 claims applied to it. 72 F.3d 1051 (2d Cir. 1995).

Accordingly, Plaintiff's § 1983 claims against NYPH fail because NYPH is a private hospital that was not acting under color of state law, and such claims are dismissed with prejudice.

## II. State Law Claims

Plaintiff also brings claims of false imprisonment, battery, intentional infliction of emotional distress, and medical malpractice and negligence under New York State law. Because Plaintiff has failed to adequately allege his § 1983 claims, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. *Rodriguez v. Westchester Cnty.*, No. 23-CV-5265 (NSR), 2025 WL 1939292, at *3 (S.D.N.Y. July 15, 2025) (noting that a district court "may decline to exercise supplemental jurisdiction over a claim" where it "has dismissed all claims over which it has original jurisdiction") (quoting 28 U.S.C. § 1367(c)). Accordingly, Plaintiff's state law claims are dismissed without prejudice.

**CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss is GRANTED. Plaintiff's § 1983 claims are dismissed with prejudice and Plaintiff's state law claims are dismissed without prejudice for Plaintiff to pursue in the appropriate forum if he wishes.

"Generally, leave to amend should be freely given, and a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim." *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir. 2000) (internal quotation marks and citation omitted). "A pro se complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Chavis v. Chappius*, 618 F .3d 162, 170 (2d Cir. 2010) (internal brackets and quotation marks omitted). However, "leave to amend a complaint may be denied when amendment would be futile." *Tocker v. Philip Morris Cos*., 470 F.3d 481, 491 (2d Cir. 2006). An amendment is futile if it "could not withstand a motion to dismiss pursuant to [Rule] 12(b)(6)." *State St. Glob. Advisors Tr. Co. v. Visbal*, 431 F. Supp. 3d 322, 334 (S.D.N.Y. 2020) (citing *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002)). In determining whether a complaint states a plausible claim for relief sufficient to overcome a motion to dismiss, a district court must consider the context and "draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In light of the foregoing, Plaintiff fails to state a plausible claim for relief and cannot allege facts demonstrating that Defendant NYPH, a private hospital acting in its capacity as a private healthcare provider, acted under color of state law.

Accordingly, because amendment would be futile, Plaintiff's § 1983 claims are dismissed with prejudice and Plaintiff's remaining state law claims are dismissed without prejudice for Plaintiff to pursue in state court.

The Court respectfully directs the Clerk of Court to (1) terminate the Motion at ECF No. 14; and (2) mail a copy of this Opinion & Order to *pro se* Plaintiff at the address listed on ECF and show service on the docket.

SO ORDERED.

Dated: June 9, 2026
White Plains, New York

Hon. Nelson S. Román
U.S. District Court Judge, S.D.N.Y