**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
JOHN R. ACHESON,

Plaintiff,

-against-

25 **CIVIL** 4290 (NSR)

# JUDGMENT

NEW YORK PRESBYTERIAN HOSPITAL and
JOHN DOES 1-10,

Defendants.
-------------------------------------------------------------X

It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Opinion & Order dated July 9, 2026, Defendant's motion to dismiss is GRANTED. Plaintiff's § 1983 claims are dismissed with prejudice and Plaintiff's state law claims are dismissed without prejudice for Plaintiff to pursue in the appropriate forum if he wishes. "Generally, leave to amend should be freely given, and a pro se litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim." Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000) (internal quotation marks and citation omitted). "A pro se complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal brackets and quotation marks omitted). However, "leave to amend a complaint may be denied when amendment would be futile." Tocker v. Philip Morris Cos., 470 F.3d 481, 491 (2d Cir. 2006). An amendment is futile if it "could not withstand a motion to dismiss pursuant to [Rule] 12(b)(6)." State St. Glob. Advisors Tr. Co. v. Visbal, 431 F. Supp. 3d 322, 334 (S.D.N.Y. 2020) (citing Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 258 (2d Cir. 2002)). In determining whether a complaint states

a plausible claim for relief sufficient to overcome a motion to dismiss, a district court must consider the context and "draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). In light of the foregoing, Plaintiff fails to state a plausible claim for relief and cannot allege facts demonstrating that Defendant NYPH, a private hospital acting in its capacity as a private healthcare provider, acted under color of state law. Accordingly, because amendment would be futile, Plaintiff's § 1983 claims are dismissed with prejudice and Plaintiff's remaining state law claims are dismissed without prejudice for Plaintiff to pursue in state court.

**Dated:** New York, New York

July 10, 2026

**TAMMI M. HELLWIG**

**Clerk of Court**

**BY:** K. Mango

**Deputy Clerk**